UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISIS NIX,<br><br>                      Plaintiff,<br><br>          v.<br><br>ANDREW M. SAUL,<br>Comm'r Soc. Sec. Admin.,<br><br>                      Defendant. | Case No. 2:20-cv-03860-SHK<br><br><br>**ORDER DISMISSING CASE AND ORDERING SANCTIONS AGAINST SUZANNE C. LEIDNER** |

## I.     BACKGROUND

On April 28, 2020, Plaintiff Isis Nix ("Plaintiff"), represented by counsel—Suzanne C. Leidner ("Ms. Leidner" or "Counsel")—filed a Complaint ("Complaint" or "Compl.") seeking judicial review of a decision of the Commissioner of Social Security ("Commissioner" or "Defendant"). Electronic Case Filing Number ("ECF No.") 1, Compl. On April 30, 2020, the Court issued its Case Management Order ("CMO"), in which the parties were ordered to, in pertinent part, submit their joint submission ("Joint Submission" or "JS") regarding the issues on appeal ninety-one days after Defendant filed its Answer ("Answer") to Plaintiff's Complaint. See ECF No. 9, CMO at 2 (requiring Plaintiff to provide Defendant with Plaintiff's portion of the JS thirty-five days after Defendant filed

its Answer, Defendant to provide its portion of the JS to Plaintiff within thirty-five days of receiving Plaintiff's portion of the JS, Plaintiff to provide Defendant with any optional reply within fourteen days of receiving Defendant's portion of the JS, and Defendant to file the JS with the Court within seven days of receiving Plaintiff's optional reply, or the deadline to do so passing (35+35+14+7=91 days)).

Defendant filed an Answer on November 3, 2020.  ECF No. 15, Answer. Consequently, Plaintiff's portion of the Joint Submission was due to Defendant thirty-five days later on December 8, 2020, and the Joint Submission was due to be filed with the Court ninety-one days later on February 2, 2021.  On February 25, 2021, nearly three weeks after the Joint Submission was due but had not yet been filed, the Court ordered Plaintiff to show cause ("OSC") by March 4, 2021, why the case should not be dismissed for Plaintiff's failure to prosecute the case and to timely submit the Joint Submission as ordered.  ECF No. 17, OSC at 1.

In the OSC, Plaintiff was instructed that Plaintiff could satisfy the OSC by filing, or causing Defendant to file, the Joint Submission with the Court by March 4, 2021.  Id. at 1-2.  Plaintiff was also "warned that failure to timely respond to th[e] OSC in the manner ordered above **will result in this action being dismissed** with or without prejudice under Rule 41(b) for failure to prosecute and obey Court orders."  Id. at 2 (emphasis in original).  Plaintiff was further "warned that extensions of time to satisfy th[e] OSC w[ould] be granted sparingly and <u>only for very good cause shown</u> because the Joint Submission [wa]s already nearly three weeks late and the parties have failed to seek an extension of time to submit the Joint Submission."  Id. (emphasis in original).

The Court also "observe[d] that Ms. Leidner has had issues with meeting Court deadlines and following Court orders in other matters before the Court and, despite repeated warnings that cases she is handling will be dismissed for failure to prosecute and follow Court orders, Ms. Leidner has nevertheless failed to prosecute and follow Court orders, which has led to the dismissal of cases she has

handled." Id. (citing Lizeth M. Vazquez v. Andrew M. Saul, No. 5:19-cv-01923-ADS (C.D. Cal. Oct. 8, 2019) (case dismissed with prejudice for Ms. Leidner's failure to prosecute and obey Court orders)).

Plaintiff failed to timely respond to the OSC. Consequently, on March 8, 2021, Plaintiff was "**notified of the Court's intent to dismiss the case with or without prejudice on March 12, 2021**, for Plaintiff's failure to diligently prosecute this matter and for Plaintiff's repeated failures to follow Court orders." ECF No. 18, Notice of Intent to Dismiss ("Dismissal Notice") at 2 (emphasis in original). Plaintiff was informed that "Plaintiff c[ould] avoid dismissal of the case by filing the Joint Submission, or by causing Defendant to file the Joint Submission, . . . by **March 11, 2021**." Id. (emphasis in original). Plaintiff was further instructed that "[b]ecause the new deadline to file the Joint Submission is already over one month past the original deadline that was set over ten months ago in the Court's CMO issued on April 30, 2020, **no further extensions of time will be granted for Plaintiff to file the Joint Submission in this case**." Id. (emphasis in original).

On March 11, 2021, the final day for Plaintiff to submit the Joint Submission with the Court pursuant to the Dismissal Notice, Plaintiff submitted a request for an extension of time, until March 15, 2021, to "complete and submit to Defendant, Plaintiff's portion of the Joint Submission[.]" ECF No. 19, Request to Extend Time ("First Request") at 1. In the First Request, Counsel cited personal and family health issues as the basis for the extension of time. See id. at 1-2. Ms. Leidner also stated that she has "now acquired additional assistance to work on my files." Id. at 2.

On March 16, 2021, Plaintiff submitted a second request ("Second Request") for an extension of time, until March 22, 2021, to serve Plaintiff's portion of the Joint Submission on Defendant. ECF No. 20, Second Request.

3

Counsel again cited personal and family health issues as the basis for the extension of time. Id. at 1-2.

On March 16, 2021, the Court granted Ms. Leidner's request for an extension of time, until March 22, 2021, to provide Defendant with Plaintiff's portion of the Joint Submission that was due over three months ago. See ECF No. 21, Order Granting Request and Second Request. The Court noted that, while it was sympathetic to Ms. Leidner's health issues, Ms. Leidner has a history of seeking extensions of time to file documents with this Court due to her ongoing health issues, citing to the following:

- T.L. v. Nancy A Berryhill, No. 2:18-cv-01395-SHK, ECF No. 33, Stip. to Extend Time to Forward Pl.'s JS (Seventh) at 1-2 (parties stipulating on March 25, 2019 to a seventh extension of time for Plaintiff to file Plaintiff's portion of the JS because of "Plaintiff's counsel [Ms. Leidner] who needs the additional time because of fatigue and stress due to ongoing medical problems and procedures.");
- H.L.N. v. Andrew Saul, No. 2-18-cv-07992-CJC-SHK, ECF No. 24, Def.'s Notice of Non-Receipt of Pl.'s Initial Portions of JS and Decl. at 2 (Defendant asserting on September 24, 2019 that Defendant had stipulated to a second extension of time for Ms. Leidner to forward Plaintiff's portion of the JS to Defendant on July 23, 2019, with a new JS due date of July 24, 2019, and that after emailing Ms. Leidner three times over the course of two months, by September 23, 2019, Defendant still could not elicit even a response from Ms. Leidner regarding when she would provide Defendant Plaintiff's initial portion of the JS and that the parties had now missed the JS filing deadline of September 18, 2019, because Ms. Leidner had not even filed Plaintiff's portion of the JS with Defendant that was due over two months prior.);

- K.M v. Andrew Saul, No. 2:19-cv-06636-SHK, ECF No. 28, Reply to OSC at 1-2 (Ms. Leidner responding on May 11, 2020, to an OSC why the case should not be dismissed for Plaintiff's failure to provide Defendant with Plaintiff's portion of the JS despite three extensions of time having already been granted in the case and Ms. Leidner explaining that she "has been under a heavy work backlog because of personal and family illness" and because she "has been only able to work intermittently for short periods of time due to medical problems.").

Id. at 2-3. The Court also noted that it did "not intend to downplay the health issues" Ms. Leidner was experiencing, but that it was "aware that despite Ms. Leidner's longstanding health issues that had caused repeated inabilities to meet filing deadlines with the Court in the above-mentioned cases throughout 2019 and 2020, Ms. Leidner began representing new clients and filed complaints for at least seven other cases in this Court in 2020." Id. at 3, citing:

- Jose Rodriguez-Ceja v. Andrew M. Saul, No. 5:20-cv-00045-SP, filed January 8, 2020;
- Jesus Rodriguez Hernandez v. Andrew M. Saul, No. 5:20-cv-01155-E, filed June 5, 2020;
- Edward Earl Townsend v. Andrew M. Saul, No. 8:20-cv-07077-AGR, filed June 16, 2020;
- Dewon Dion Todd v. Andrew M. Saul, No. 5:20-cv-01424-RAO, filed July 20, 2020;
- Sabrina Marlene Kateley v. Andrew M. Saul, No. 5:20-cv-01706-KK, filed August 24, 2020;
- Diana Rose Rivera v. Andrew M. Saul, No. 5:20-cv-01846-MAA, filed September 9, 2020; and
- Florencio Verdugo Renteria v. Andrew M. Saul, No. 5:20-cv-02322-DMG-ADS, filed November 6, 2020.

1    The Court added that "[e]ven though the parties have known" since April 30, 2020 about the filing deadlines that were set forth in the CMO, including Plaintiff's portion of the Joint Submission being due to Defendant on December 8, 2020, "Ms. Leidner continued to accept new clients despite her longstanding health issues that have prevented her from meeting the Court's filing deadlines throughout 2019 and 2020 . . . , and Defendant failed to notify the Court when Ms. Leidner failed to meet her JS production deadlines pursuant to the CMO" of December 8, 2020.  Id. at 3-4.

Consequently, counsel for both parties were "admonished for their inability to meet the filing deadlines in this matter and their failure to notify the Court of their inability to meet deadlines before they were missed." Id. at 4.  Nevertheless, the Court granted Plaintiff's second request and noted that:

> because the parties have had over fourteen months to familiarize themselves with this case since it was filed in January 2020, because Defendant failed to notify the Court of Ms. Leidner's dereliction of her duty to provide Defendant with briefing that was due over three months ago, and, critically, because Ms. Leidner has represented to the Court that she has now obtained assistance in filing her papers in this case such that she should no longer miss her filing deadlines, the Court imposes a new, accelerated, briefing schedule in this matter.

Id.

Specifically, Plaintiff was ordered to, in pertinent part, provide Defendant with Plaintiff's portion of the Joint Submission by March 22, 2021, and the parties were "warned that **no extensions of time will be granted in this matter** and counsel for both parties are ordered to notify the Court, in writing, immediately if either party misses any of the above discussed deadlines." Id. (emphasis in original).  Further, the Court noted:

|   |   |
|---|---|
| 1 | because Ms. Leidner's inability to meet the Court's originally imposed |
| 2 | deadlines in this case has nearly resulted in the dismissal of this action |
| 3 | on multiple occasions, **Ms. Leidner is ordered to provide a copy of** |
| 4 | **this order to her client in this matter and to file a declaration with** |
| 5 | **the Court certifying that she has done so by March 19, 2020** so that |
| 6 | her client can make informed decisions about how to proceed in this |
| 7 | case moving forward. |

8  Id. (emphasis in original).  Finally, the parties were "warned that **failure to meet**
9  **the above discussed deadlines will result in dismissal of this action with or**
10 **without prejudice** under Rule 41(b) for failure to prosecute and obey Court
11 orders." Id. (emphasis in original).
12        However, Plaintiff failed to meet either of the above stated deadlines, and on
13 March 23, 2021, after all deadlines had expired, Plaintiff requested a third
14 extension of time ("Third Request"), until March 26, 2021, to submit Plaintiff's
15 portion of the Joint Submission to Defendant.  ECF No. 22, Third Request.
16 Plaintiff's Third Request again cited Plaintiff's personal and family health issues as
17 the basis for the request, but notably was silent with respect to whether Ms.
18 Leidner had provided Plaintiff with a copy of the Court's order at ECF No. 21, as
19 this Court ordered.  See id. at 1-2.
20        On March 25, 2021, the Court granted Plaintiff's Third Request.  ECF No.
21 23, Order Granting Third Request.  The Court again noted that it was sympathetic
22 to Ms. Leidner's personal and family health issues, but also stated that "Ms.
23 Leidner has consumed considerable amounts of the Court's time, including the
24 Court having to prod Ms. Leidner through this litigation with multiple [OSCs] why
25 the case should not be dismissed and the Court's notices of intent to dismiss this
26 case for Plaintiff's repeated failure to meet Court deadlines and follow Court
27 orders." Id. at 1.  The Court recognized that it was "also cognizant that dismissing
28 this action is likely to harm Ms. Leidner's client more than Ms. Leidner." Id.  The

Court added that "in granting Plaintiff a previous motion for an extension of time to file the document that is still outstanding here, the Court did so, in part, because Ms. Leidner represented to the Court that she has 'now acquired additional assistance to work on my files.'" Id. (citing ECF No. 19, Request to Extend Time at 2). The Court observed that Ms. Leidner had nevertheless "since submitted two additional extensions of time to prepare and serve Defendant with Plaintiff's portion of the Joint Submission." Id.

The Court also pointed out that "notably, Ms. Leidner was ordered to provide a copy of the Court's Order, ECF No. 21, to Plaintiff and to certify with the Court that she had done so by March 19, 2021, so that her client could make informed decisions about this litigation moving forward" but that Ms. Leidner had again failed to do so. Id. (citing ECF No. 21, Order Granting Plaintiff's Request for an Extension of Time to File Joint Submission at 4).

Ms. Leidner was "given one final opportunity to provide the necessary certification by **3:00 p.m. on March 26, 2021 or face sanctions** additionally, by this same deadline, Plaintiff is to serve Defendant with Plaintiff's opening portion of the Joint Submission and to certify with the Court that Plaintiff has done so." Id. (emphasis in original). Plaintiff was also "**NOTIFIED of the Court's intent to dismiss this case with or without prejudice at 3:00 p.m. on March 26, 2021,**" if: "Plaintiff ha[d] not certified that Defendant has been served with Plaintiff's opening portion of the Joint Submission by **3:00 p.m. on March 26, 2021**"; and "Ms. Leidner has not certified—by submitting a signed and dated declaration to the Court—that she has served a copy of the Court's Order at ECF No. 21, as well as a copy of this order on Plaintiff by **3:00 p.m. on March 26, 2021**." Id. (emphasis in original).

Plaintiff was "**again warned that no further extensions of time will be granted in this litigation and failure to do either will result in the dismissal and imposition of sanctions against Ms. Leidner.**" Id. (emphasis in original).

8

1  The Court noted that "because Ms. Leidner has represented to the Court that she
2  has now obtained assistance in filing her papers in this case such that she should no
3  longer miss her filing deadlines, the Court impose[d] a **final**, accelerated, briefing
4  schedule in this matter" that included, in pertinent part, "Plaintiff providing
5  Plaintiff's portion of the JS to Defendant by **3:00 P.M. on March 26, 2021, and**
6  **certify to the Court in writing by this deadline that this is done**." Id. (emphasis
7  in original).  The parties were "**warned that no further extensions of time will be**
8  **granted in this case and that failure to meet the above discussed deadlines will**
9  **result in either dismissal of this action with or without prejudice** under Rule
10 41(b) for failure to prosecute and obey Court orders, **sanctions, or both**." Id.
11 (emphasis in original).
12         On March 26, 2021 at 12:24 p.m., in what appears to be an ex parte e-mail to
13 the Court on which opposing counsel was not notified, Ms. Leidner asked the
14 Court for a further extension and explained that a medical emergency had occurred
15 and further stated:
16         However, due to my involvement in his ongoing care it is important
17         that I be at the hospital this afternoon.  I will be unable to respond to
18         your request for filing today or to complete the joint submission for
19         forwarding to defendant's counsel.  Please allow until Monday[,
20         March 29, 2021,] to reply and respond as ordered.  In the meantime, I
21         have acquired outside counsel to assist with my cases so as to meet
22         future deadlines.  Please understand and do not dismiss this case.  I
23         am stuck.  Respectfully, Suzanne Leidner, Attorney.
24         As of 4 p.m. (PDT), on Tuesday, March 30, 2021, Ms. Leidner has failed to
25 provide the referenced reply or response.
26 / / /
27 / / /
28 / / /

## II. DISCUSSION

District courts have sua sponte authority to dismiss actions for failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating courts may dismiss an action under Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (ordering dismissal for failure to comply with court orders).

In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); see also Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (setting out similar five factors as in Henderson). "Dismissal is appropriate 'where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal.'" Neal v. Reslan, No. CV 19-09291 PA (ASx), 2020 WL 754366, at *1 (C.D. Cal. Jan. 16, 2020) (quoting Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (internal citations omitted) (citing Ferdik, 963 F.2d at 1263)). In a case involving sua sponte dismissal, however, the fifth Henderson factor regarding the availability of less drastic sanctions warrants special focus. Hernandez, 138 F.3d at 399.

Here, the first two factors—public interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. Despite repeated warnings that this case **will** be dismissed for failure to prosecute and follow Court orders, Ms. Leidner has repeatedly failed to take the actions set

out by the Court to move the case forward. This failure to prosecute and follow Court orders hinders the Court's ability to move this case toward disposition and suggests that Plaintiff does not intend to litigate this action diligently. See id.

The third factor—prejudice to Defendant—also weighs in favor of dismissal. A rebuttable presumption of prejudice to a defendant arises when a plaintiff unreasonably delays prosecuting an action. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994) (citations omitted). Here, Ms. Leidner is clearly capable of responding to Court orders, as evidenced by her submissions of multiple requests for extension of time to file Plaintiff's portion of the Joint Submission with Defendant despite the Court repeatedly warning that no further extensions of time would be granted. However, Ms. Leidner has failed to comply with the Court's most recent order, despite representing to the Court that she has obtained help that would allow her to meet Court deadlines. Thus, this "prejudice" element favors dismissal.

The fourth factor—public policy in favor of deciding cases on the merits—ordinarily weighs against dismissal. However, it is Plaintiff's responsibility to move litigation towards disposition at a reasonable pace and to avoid dilatory and evasive tactics. See Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991). Ms. Leidner has not met this responsibility despite having been: (1) instructed on Plaintiff's responsibilities; (2) granted sufficient—and indeed multiple extensions of—time in which to discharge them; and (3) warned of the consequences of failure to do so. Under these circumstances, though this policy favors Plaintiff, it does not outweigh Plaintiff's and Ms. Leidner's repeated failure to obey Court orders or to file responsive documents within the time granted.

The fifth factor—availability of less drastic sanctions—also weighs in favor of dismissal. The Court cannot move the case toward disposition without Plaintiff's compliance with Court orders or participation in this litigation. Despite the Court's attempt to obtain compliance with Court orders, Ms. Leidner has

1  shown that she is either unwilling or unable to comply with Court orders by
2  (1) failing to file the Joint Submission with Defendant that was due nearly four
3  months ago on December 8, 2020; (2) failing to comply with Court orders when
4  extensions of time are granted; and (3) failing to otherwise cooperate in
5  prosecuting this action.  The Court is not aware of any lesser sanction that is
6  available in this case.  See Henderson, 779 F.2d at 1424 ("The district court need
7  not exhaust every sanction short of dismissal before finally dismissing a case but
8  must explore possible and meaningful alternatives.") (citation omitted); Roman v.
9  Smith, No. 2:18-07909 PA (ADS), 2019 WL 8013120, at *1 (C.D. Cal. Nov. 18,
10 2019).
11         Accordingly, the Court finds that dismissal of this action, without prejudice,
12 is appropriate here.  The Court also finds that an additional sanction of $500
13 against Ms. Leidner is appropriate in this case because Ms. Leidner has repeatedly
14 failed to follow Court orders to the detriment of her client.  As discussed above,
15 Ms. Leidner was made aware of her duties and filing deadlines in this litigation
16 nearly one year ago in April 2020 from the Court' CMO.  Despite knowing about
17 her obligations to her client and the Court in this matter, Ms. Leidner continued to
18 take on at least six new clients since the CMO issued in this case and, yet, Ms.
19 Leidner has not been able to even provide Defendant with Plaintiff's opening
20 portion of the Joint Submission in this matter that was due December 8, 2020.
21 Moreover, Ms. Leidner has a long history of not meeting deadlines before this
22 Court and of even having cases dismissed for failure to meet Court deadlines.
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

### III. CONCLUSION

For the reasons set forth above, the Court **DISMISSES** this case, without prejudice and sanctions Ms. Leidner $500.

IT IS SO ORDERED.

DATED: 03/30/2021

HONORABLE SHASHI H. KEWALRAMANI
United States Magistrate Judge