UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-03860-SHK | Date: | November 9, 2021 |
| Title: | *Isis Nix v. Kilolo Kijakazi* | | |

Present: The Honorable   Shashi Kewalramani, United States Magistrate Judge

| D. Castellanos | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings (IN CHAMBERS):**   ORDER TO SHOW CAUSE

      On March 30, 2021, the Court entered Judgment dismissing this case.  Electronic Case Filing Number ("ECF No.") 24, Order Dismissing Case; ECF No. 25, Judgment.  On May 3, 2021, Plaintiff Isis Nix ("Plaintiff"), through Plaintiff's counsel Betty Herrera ("Counsel") moved the Court under Federal Rule of Civil Procedure ("Rule") 60(b) "for relief from judgment" ("First Motion" of "First Mot.").  ECF No. 27, First Mot. (capitalization normalized).  On June 1, 2021, the Court denied Plaintiff's First Motion ("Order Denying First Motion" or "Order Denying First Mot.").  ECF No. 28, First Mot.

      On June 29, 2021, Plaintiff filed the instant "Rule 59(e) Motion to Alter or Amend the Judgment" ("Instant Motion" or "Instant Mot.").  ECF No. 31, Instant Mot. (capitalization normalized).  In Plaintiff's Instant Motion, although it is not clear, Plaintiff appears to seek two forms of relief.  Specifically, Plaintiff argues both that "the Court order dismissing the matter [should] be vacated[,]" and that the Court "under Rule 59(e) . . . alter or amend its judgment entered on June 1, 2021." Id. at 1-2.  Plaintiff's Instant Motion appears to fail for the following reasons.

      First, to the extent Plaintiff seeks relief under Rule 59(e) from the Court's Judgment dismissing the case, Plaintiff's request appears to be untimely.  This is because the Court entered Judgment dismissing the case on March 30, 2021, ECF No. 24, 25; Rule 59(e) states that "[a] motion to alter or amend a judgment **must** be filed no later than 28 days after the entry of the judgment," Fed. R. Civ. P. 59(e) (emphasis added); and Plaintiff filed the Instant Request ninety-one days later on June 29, 2021.  See ECF No. 31, Instant Mot.

      Next, to the extent Plaintiff seeks relief under Rule 59(e) in the form of the Court "alter[ing] or amend[ing] its judgment entered on June 1, 2021," the Court did not enter Judgment on June 1,

2021.  Rather, the Court denied Plaintiff's First Motion brought under Rule 60(b) in this closed case on that date.  Thus, Plaintiff's Instant Motion appears to mistake the Court's Order Denying First Motion for the Judgment in this case.  Plaintiff, however, provides no legal authority that would allow the Court to apply Rule 59(e), which allows a Court only to "alter or amend a judgment . . . no later than 28 days after the entry of the judgment[,]" to alter or amend an order denying a previously brought Rule 60(b) motion.  Consequently, to the extent Plaintiff seeks relief under Rule 59(e) in the form of the Court altering or amending its Order Denying First Motion, Plaintiff's Instant Motion also appears to fail.

Finally, to the extent Plaintiff might be seeking relief under Rule 60(b) from the Court's Order denying Plaintiff's First Motion that was also brought under Rule 60(b), Plaintiff's Instant Motion fails because: (A) Plaintiff has not even clearly established that Plaintiff seeks such relief in Plaintiff's "Rule 59(e) Motion to Alter or Amend the Judgment[,]" ECF No. 31, Instant Mot. (capitalization normalized); and (B) Plaintiff has provided no discussion or legal authority establishing that Rule 60(b) can be used to provide relief from an order denying a previous Rule 60(b) motion and the Court can find none.

Consequently, Plaintiff is ordered to show cause by **November 19, 2021** why Plaintiff's Instant Motion should not be denied for the reasons discussed above.

The Court also notes that the Commissioner of Social Security ("Defendant") failed to oppose Plaintiff's First Motion and Plaintiff's Instant Motion.  Consequently, counsel for the parties shall meet and confer by **November 15, 2020** regarding whether excusable neglect has contributed to this case being dismissed.  If, after meeting and conferring, the parties jointly believe that excusable neglect has contributed to the dismissal of this case, the parties may file a <u>brief stipulated</u> motion and proposed order by **November 22, 2021** for the Court's consideration indicating that the parties agree relief from judgment is warranted under Rule 60(b)(1) and/or Rule 60(b)(6).

**IT IS SO ORDERED.**